# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNALDO SOLORZANO,<br><br>        Plaintiff,<br><br>    v.<br><br>S. FRAUENHEIM, et al.,<br><br>        Defendants. | Case No. 1:16-cv-00314-LJO-SAB-PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR 30-DAY EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT<br>(ECF No. 12)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL<br>(ECF No. 13)<br><br>**THIRTY DAY DEADLINE** |

Plaintiff Reynaldo Solorzano is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court are (1) Plaintiff's motion for a 30-day extension of time to file a second amended complaint (ECF No. 12), and (2) Plaintiff's motion for the appointment of counsel (ECF No. 13), both filed on June 21, 2017.

## I.

## EXTENSION OF TIME

Plaintiff seeks a 30-day extension of time to file a second amended complaint, contending that he has requested information and documentation to identify the Doe defendants in this

1

action, but is awaiting further information. (ECF No. 12.) Good cause being shown, Plaintiff's request for an extension is granted.

Plaintiff further states that he has been requesting information to identify the Doe defendants, with some difficulty. He also attaches documentation in support. The Court notes that it appears Plaintiff has been provided information relevant to the incident in which he claims he was battered on June 6, 2014. That information includes a general chrono, medical report, ad-seg placement notice, classification chrono, and a CDCR 128G form. (Id. at 12.) Plaintiff is encouraged to carefully review that documentation to attempt to determine the identity of the Doe defendants.

Plaintiff is also reminded that although Doe pleadings are disfavored, he will be afforded an opportunity to identify unknown defendants through discovery, unless it is clear that discovery will not reveal their identities or the complaint must be dismissed for other reasons. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).

## II.

## APPOINTMENT OF COUNSEL

Plaintiff requests the appointment of counsel, asserting that he is indigent, that his claim is meritorious, that a lawyer would better enable him to obtain records regarding the incident complained of, and that he has no legal training and a 9th grade education with difficulty in comprehension, reading and writing. (ECF No. 13.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success

on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted). The test for exceptional circumstances requires the Court to evaluate the Plaintiff's likelihood of success on the merits and the ability of the Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the Court does not find the required exceptional circumstances. Although the Court found Plaintiff had stated some cognizable claims in his first amended complaint, at this early stage, the Court cannot find a likelihood of success on the merits. Further, the record reflects that Plaintiff can sufficiently articulate his claims. Accordingly, Plaintiff's motion for appointment of counsel is denied, without prejudice.

## III.

## CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for a 30-day extension of time to comply with the Court's June 5, 2017 order, (ECF No 12), is GRANTED;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

    a. File an amended complaint alleging his claims based on the June 6, 2014 incident to cure the deficiencies identified by the Court in its June 5, 2017 order, or

    b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Does A, B, C, and D for failure to protect in violation of the Eighth Amendment;

///

///

3. Plaintiff's motion for the appointment of counsel (ECF No. 13), is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **June 22, 2017**

_____
UNITED STATES MAGISTRATE JUDGE