1

2

3

4

5

6

7

8

9

10

11

12

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

13 | REYNALDO SOLORZANO,

14 |       Plaintiff,

15 |     v.

16 | S. FRAUENHEIM, et al.,

17 |       Defendants.

Case No.  1:16-cv-00314-LJO-SAB-PC

ORDER REQUIRING PLAINTIFF TO FILE A MOTION TO SUBSTITUTE THE DOE DEFENDANT(S) OR FILE A REQUEST FOR A RULE 45 SUBPOENA

**FORTY-FIVE (45) DAY DEADLINE**

18

19     Plaintiff Reynaldo Solorzano is a state prisoner proceeding pro se and in forma pauperis

20 pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge

21 pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

22                    **I.**

23           **INTRODUCTION**

24     Plaintiff is currently a patient at Coalinga State Hospital (CSH). As noted in the findings

25 and recommendations filed concurrently with this order, Plaintiff's first amended complaint

26 stated a cognizable claim for damages against Does A, B, C, and D for failure to protect in

27 violation of the Eighth Amendment. (ECF No. 11.)  On July 17, 2017, Plaintiff notified the

28 Court that he intends to proceed only on those claims. (ECF No. 15.)

1

1    Plaintiff also notified the Court that he has made two requests using CDCR Form 22

2  addressed to the Pleasant Valley State Prison sergeant or warden of Facility B (or "Bravo")

3  requesting the third-watch duty roster of the program office and video footage so that he can

4  identify Does A, B, C. and D. Plaintiff attaches copies of his requests dated May 14, 2017, (ECF

5  No. 15), and June 25, 2017 (ECF No. 15). No information regarding the responses are given or

6  indicated on the forms provided by Plaintiff.

7                                         **II.**

8                                    **DISCUSSION**

9    Although the use of Doe defendants is acceptable to withstand dismissal of the complaint

10 at the screening stage, those person or persons cannot be served with process in this action until

11 they are identified by their names. The burden is on Plaintiff to discover the identity of the

12 defendants. Plaintiff should seek to discover the identity of Doe defendants and move to

13 substitute them into the case as soon as possible. Plaintiff may be able to locate names from

14 incident reports, Rules Violation Reports, his central file, or other documents available for

15 Plaintiff to review without court intervention.

16    Here, Plaintiff has identified certain recent requests for information he believes may

17 assist him in identifying the Doe defendants, but has not explained what responses he has been

18 given, or whether and how he has followed-up. Plaintiff has also not explained any other

19 attempts to find such information, such as the avenues described above.

20    If Plaintiff shows he has exhausted all such available avenues and has not been able to

21 identify the Doe defendants, he may move for the issuance of a Rule 45 subpoena.

22    Rule 45 of the Federal Rules of Civil Procedure permits issuance of subpoenas to obtain

23 discovery from non-parties equivalent to discovery from parties under Rule 34. See Adv. Comm.

24 Note to 1991 Amendment to FRCP 45. Rule 34 governs discovery of designated documents,

25 electronically stored information, and designated tangible things subject to the provisions of

26 Federal Rule of Civil Procedure 26(b). Meeks v. Parsons, No. 1:03-cv-6700-LJO-GSA, 2009

27 WL 3003718, at *2 (E.D. Cal. Sept. 18, 2009) (citing Fahey v. United States, 18 F. R. D. 231,

28 233 (S.D.N.Y. 1955)).

1    Rule 26(b)(1) establishes the scope of discovery, stating in pertinent part:

2    Parties may obtain discovery regarding any nonprivileged matter that is relevant
3    to any party's claim or defense and proportional to the needs of the case,
     considering the importance of the issues at stake in the action, the amount in
4    controversy, the parties' relative access to relevant information, the parties'
     resources, the importance of the discovery in resolving the issues, and whether
5    the burden or expense of the proposed discovery outweighs its likely benefit.
     Information within this scope of discovery need not be admissible in evidence to
6    be discoverable.

7    Fed. R. Civ. P. 26(b). These standards mean that the Court may grant a request by Plaintiff to

8    issue a Rule 45 subpoena to a properly identified non-party to discover information that is

9    relevant to the party's claims or defenses, is not burdensome, is not within Plaintiff's reasonable

10   access, upon a sufficient showing of the importance of the information.

11   Accordingly, Plaintiff shall be permitted forty-five (45) days from the issuance of this

12   order to either file a motion to amend his complaint to substitute the Doe Defendants, or to file

13   any request for a Rule 45 subpoena to obtain the information necessary to identify the Doe

14   Defendants. If Plaintiff files a Rule 45 subpoena request, he must meet the standards addressed

15   above. Any request for an extension of time to comply with this order must be supported by

16   good cause, showing the diligent efforts Plaintiff is making to attempt to identify the Doe

17   Defendants.

18                                          **III.**

19                                     **CONCLUSION**

20   For these reasons, it is HEREBY ORDERED that:

21   1.      Plaintiff shall, within forty-five (45) days of the date of service of this order,

22           either:

23           (a)     file a motion to amend his complaint to substitute the Doe Defendants in

24                   this case, or

25           (b)     file any request for a Rule 45 subpoena to obtain the information

26                   necessary to identify the Doe Defendants; and

27   ///

28   ///

3

2. **The failure to comply with this order will result in the dismissal of this action**.

IT IS SO ORDERED.

Dated:    **July 19, 2017**

_____
UNITED STATES MAGISTRATE JUDGE