# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNALDO SOLORZANO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br><br>S. FRAUENHEIM, et al.,<br><br>　　　　Defendants. | Case No. 1:16-cv-00314-LJO-SAB-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A RULE 45 SUBPOENA, WITHOUT PREJUDICE<br>(ECF No. 20)<br><br>ORDER GRANTING PLAINTIFF AN EXTENSION OF TIME TO FILE A MOTION TO SUBSTITUTE DOE DEFENDANT(S) OR A RENEWED MOTION FOR A RULE 45 SUBPOENA<br><br>**FORTY-FIVE (45) DAY DEADLINE** |

**I.**

**INTRODUCTION**

Plaintiff Reynaldo Solorzano is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Does A, B, C, and D for failure to protect in violation of the Eighth Amendment. The claims arise out of Plaintiff's allegations that on June 6, 2014, while Plaintiff was housed at Pleasant Valley State Prison ("PVSP"), he was assaulted by multiple inmates on the recreation

1

yard and the four Doe defendant correctional officers watched and failed to intervene. (ECF No. 8.)

## II.

## RELEVANT PROCEDURAL HISTORY

On July 19, 2017, the Court issued an order requiring Plaintiff to file a motion to substitute the Doe defendants or file a request for a Rule 45 subpoena. (ECF No. 17.) The Court gave Plaintiff guidance on requesting information which may assist him in identifying the Doe defendants, as well as provided him the standards for seeking a subpoena to obtain discovery from non-parties under Rule 35 of the Federal Rules of Civil Procedure. (Id. at 2-3.)

Currently before the Court is Plaintiff's Request for a Rule 45 Subpoena, filed on August 24, 2017. (ECF No. 20.)

## III.

## DISCUSSION

Plaintiff previously informed the Court that he requested the third-watch duty roster of the program office and video footage from PVSP so that he could identify Does A, B, C. and D. (ECF No. 15). Plaintiff has provided no information regarding any responses received.

In his current motion, Plaintiff states that on August 16, 2017, he spoke with Counselor V. Torres and requested copies of any incident report, violation report, and general chronos from June 6, 2014 in his central file. Counselor Torres responded that there were no incident reports in Plaintiff's central file for June 6, 2014. Plaintiff asked for more information, and Counsel Torres informed Plaintiff that he would have to request an Olson review of his central file, which could take up to thirty (30) days.[1]

Plaintiff also states that on August 17, 2017, he spoke with Correctional Counselor A. Luis and requested information concerning Inmates Porras and Calvillo, which are Plaintiff's enemy combatants. Counselor Luis denied Plaintiff's request on the grounds that the information

---

[1] "An *Olson* review is 'an administrative procedure which allows an inmate to review his central file.'" Sapp v. Kimbrell, 623 F.3d 813, 818 (9th Cir. 2010) (quoting James v. Scribner, No. CV 07–880–TUC–RCC, 2010 WL 2605634, *1 (E.D. Cal. June 28, 2010)).

is confidential, and requires a court order to view. Thus, Plaintiff seeks an order to view the rules violation reports and incident reports for Inmates Porras and Cavillo from June 6, 2017.

### A. Standards

Rule 45 of the Federal Rules of Civil Procedure permits issuance of subpoenas to obtain discovery from non-parties equivalent to discovery from parties under Rule 34. <u>See</u> Adv. Comm. Note to 1991 Amendment to FRCP 45. The Rule allows a Court to grant a request by Plaintiff to issue a Rule 45 subpoena to a properly identified non-party, to discover information that is relevant to the party's claims or defenses, is not burdensome, and is not within Plaintiff's reasonable access, upon a sufficient showing of the importance of the information.

### B. Analysis

Here, Plaintiff has not met the standards for issuing a Rule 45 subpoena in this matter. Based on Plaintiff's representations, he has not yet fully exhausted all available resources to him regarding information to identify the Doe defendants. Plaintiff has not given any information on any responses or follow-ups regarding his requests for the duty roster or video footage of PVSP at the time of the events in question. Plaintiff has also stated that he was informed about the Olson procedure to view his central file, but has given no information on any attempt to follow-through with that request.

Further, although Plaintiff has identified other inmate's files as a possible source of information, he has not identified a person, entity, or institution/facility to direct any subpoena. Thus, Plaintiff has not shown that any Rule 45 subpoena is necessary at this time, and his request will be denied.

However, the finds that Plaintiff is diligently attempting to comply with the Court's order, and in the interests of justice, an extension of time should be granted. Therefore, Plaintiff shall be permitted an additional forty-five (45) days from the date of service of this order to file a motion to amend his complaint to substitute the identities of the Doe defendant(s), or he may file a renewed motion for a Rule 45 subpoena. Any renewed motion must satisfy the standards and meet the showings explained above.

///

# IV.
# CONCLUSION

For these reasons, it is HEREBY ORDERED that:

1. Plaintiff's motion for the Court to issue a Rule 45 subpoena, filed August 24, 2017 (ECF No. 20), is DENIED, without prejudice;

2. Plaintiff shall, within forty-five (45) days of the date of service of this order, file a motion to amend his complaint to substitute the identities of Doe Defendant(s) in this case, or a renewed motion requesting the issuance of a Rule 45 subpoena; and

3. **Plaintiff is warned that his failure to comply with this order, and with his obligation to identify the unknown defendants and substitute their identities in the complaint so that they may be properly served, will result in a recommendation to dismiss this action.**

IT IS SO ORDERED.

Dated:  **August 28, 2017**

_____
UNITED STATES MAGISTRATE JUDGE