# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNALDO SOLORZANO,<br><br>　　Plaintiff,<br><br>　v.<br><br>S. FRAUENHEIM, et al.,<br><br>　　Defendants. | Case No. 1:16-cv-00314-LJO-SAB-PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO IDENTIFY AND SERVE A SUMMONS AND COMPLAINT ON DEFENDANTS<br><br>**THIRTY (30) DAY DEADLINE** |

## I.

## INTRODUCTION

Plaintiff Reynaldo Solorzano is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Doe Defendants A, B, C, and D for the failure to protect in violation of the Eighth Amendment.

## II.

## RELEVANT PROCEDURAL HISTORY

On July 19, 2017, the Court issued an order requiring Plaintiff to file a motion to substitute the Doe Defendants or file a request for a Rule 45 subpoena. (ECF No. 17.) The Court gave Plaintiff guidance on requesting information which may assist him in identifying the Doe Defendants, as well as provided him the standards for seeking a subpoena to obtain discovery from non-parties under Rule 45 of the Federal Rules of Civil Procedure. (Id. at 2-3.)

On August 24, 2017, Plaintiff filed a request for a Rule 45 Subpoena. (ECF No. 20.) On August 28, 2017, the Court denied the request for a Rule 45 subpoena, finding that Plaintiff had

not met the necessary standards. (ECF No. 21.) The Court also granted Plaintiff a forty-five (45) day extension to file a motion to amend his complaint to identify the Doe Defendants in this case, or to renew his motion for a subpoena. (ECF No. 21.) More than forty-five (45) days have passed since that order was issued, and Plaintiff has neither complied with that order nor otherwise communicated with the Court.

## III.

## DISCUSSION

### A. Legal Standards

Federal Rule of Civil Procedure 4(m) provides, in pertinent part, as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "So long as the prisoner has furnished the information necessary to identify the defendant, the Marshal's failure to effect service is 'automatically good cause . . . .'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate. Walker, 14 F.3d at 1421-22.

### B. Analysis

In this case, Plaintiff's only cognizable claims are against unidentified Doe Defendants. Plaintiff was notified that the burden is on him to discover the identity of such Doe Defendants, and was permitted an opportunity to engage in any necessary discovery. After Plaintiff failed to meet the standards for the issuance of a Rule 45 subpoena, he was provided the applicable standards, the deficiencies in his request were explained to him, he was given additional time to

comply with the Court's prior order. (ECF No. 21.) Plaintiff was also expressly warned that the failure to comply with his obligation to identify the unknown defendants and substitute their identities so that they can be served would result in a dismissal of this action. (Id. at 4.)

More than 90 days has passed since the Court initially ordered Plaintiff to either file a motion identifying the Doe Defendants for service of process, or to appropriately request any necessary discovery to do so. Nevertheless, Plaintiff has still has not complied with that order. In light of the foregoing, the undersigned recommends that this action be dismissed, without prejudice, based on the failure to serve process on any of the Doe Defendants.

## IV.

## CONCLUSION AND RECOMMENDATION

For the reasons explained above, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, for the failure to serve Doe Defendants A, B, C, and D, pursuant to Rule 4(m).

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provision of 28 U.S.C. §636 (b)(1)(B). Within **thirty (30) days** after being served with these Finding and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.2d F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**October 24, 2017**__

UNITED STATES MAGISTRATE JUDGE